# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge C. Centeno-Sarabia, | No. CV-23-00075-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 69) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that Grounds 3, 4, 5A, 5B, 5E and 5F be dismissed with prejudice with the remainder of Petitioner's Petition, including Grounds 1, 2, 5C and 5D, be denied. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 47 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). Petitioner filed objections (Doc. 72) and Respondents filed a reply (Doc. 77).

Ceteno-Sarabia also filed a Motion to Amend his Objections (Doc. 75). Respondents filed a response (Doc. 76) and do not object to the motion to the extent it seeks to change a citation to the record at Doc. 72, p. 8. The motion is granted.

The Court has considered the objections and reply and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and

Recommendation to which specific objections are made). In his objection, Mr. Centeno-Sarabia ("Centeno-Sarabia") objects to the R&R's recitation of the factual background of his case because it was "drawn from the decision of the Arizona Court of Appeals," but does not reflect what he believed really happened. (Doc. 72, p. 2). Centeno-Sarabia asserts that the witnesses perjured themselves, the trial court erred in allowing a detective to testify as an expert, and there were other deficiencies in the evidence presented. (Doc. 72, p. 2).

The R&R acknowledges the appellate court decision presents the facts in the light most favorable to sustaining the judgment. (Doc. 69, p. 4). Reciting the facts in this way in an R&R is appropriate. *See Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012). This objection is overruled.

Centeno-Sarabia next objects to the R&R's finding that Ground 3 (*Brady* claim re: undisclosed DNA evidence) was procedurally barred because the state court found that he waived it because he could have raised it on direct appeal but did not. (Doc. 72, pp. 2-6). As the R&R explained, the state court correctly applied the procedural bar because it effectively found that the facts (undisclosed DNA evidence) alleged by Centeno-Sarabia were not newly discovered nor would they have changed the outcome of trial because they were not exculpatory. (Doc. 69, p. 15). The objection is overruled.

Centeno-Sarabia objects to the R&R's finding that Ground 4 (double jeopardy violation) was procedurally barred because the state court found that he had waived the claim because he could have raised it on direct appeal but did not. (Doc. 72, pp. 6-10). Centeno-Sarabia challenges the R&R's finding that he did not present cause to excuse his procedural default on this claim. (Doc. 69, pp. 16-15). Centeno-Sarabia asserts that his counsel was responsible for this claim not being raised on appeal and therefore the default should be "imputed to the state" because he was entitled to the effective assistance of counsel. (Doc. 72, p. 9).

Centeno-Sarabia did not assert this purported claim of ineffective assistance of counsel as cause for his default in his reply. (Doc. 69, p. 26). The objection is overruled.

Centeno-Sarabia objects to the R&R's finding that he failed to present Ground 5(a)

(compulsory process violation) to the state courts as a violation of his federal constitutional rights. (Doc. 72, pp. 10-12). The R&R correctly concluded Ground 5(A) was procedurally barred under Ariz. R. Crim. P. 32.2(a)(3) because the state court found that Centeno-Sarabia could have raised it on direct appeal but did not. (Doc. 69, pp. 18-19). The objection is overruled.

Centeno-Sarabia objects to the R&R's conclusion that Ground 1 (denial of reply in his first PCR proceeding) was without merit. (Doc. 72, pp. 13-15). The R&R set forth thorough discussion that this claim lacked merit for serval reasons. (Doc. 69, pp. 30-37). The objection is overruled.

Finally, Centeno-Sarabia objects to the R&R's finding that Ground 2 (ineffective assistance of counsel) was without merit. (Doc. 72, pp. 16-20). The R&R found that counsel had not been ineffective in failing to better argue a claim that counsel was ordered to address by the appellate court about whether the police officer improperly testified about his opinion of the victim's credibility because, "even if counsel had successfully argued these matters," the appellate court found no fundamental error had occurred. (Doc. 69, p. 40). The objection is overruled.

Centeno-Sarabia does not make any specific objections to the R&R's conclusion that Ground 5(B) was procedurally barred, that Grounds 5(C) and (D) lacked merit; or that Grounds 5(E) and (F) are procedurally defaulted because they were never fairly presented to the state courts.

The Court agrees with the Magistrate Judge's recommendations and, thus, accepts the recommendations within the meaning of rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that Report and Recommendation of the Magistrate Judge (Doc. 69) is accepted.

**IT IS FURTHER ORDERED** granting Centeno-Sarabia's Motion to Amend his Objection (Doc. 75).

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment dismissing Grounds 3, 4, 5A, 5B, 5E, and 5F of Petitioner's Petition for Writ of Habeas Corpus with prejudice. That the remainder of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), including Grounds 1, 2, 5C and 5D be denied. The Clerk shall terminate this case.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. Should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right.

Dated this 5th day of November, 2025.

_____
G. Murray Snow
Senior United States District Judge